**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TARA PATRICK TAYLOR,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-8495** |
| | : | |
| **DELTA T GROUP,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**YOUNGE, J.** **NOVEMBER 16, 2026**

Plaintiff Tara Patrick Taylor initiated this *pro se* civil action against Delta T Group. Taylor seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Taylor leave to proceed *in forma pauperis* and dismiss the Complaint.

## I. PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS[1]

Taylor initiated this action by filing the application to proceed *in forma pauperis* and the Complaint via the Court's Electronic Document Submission ("EDS") system. EDS is a service that may be used by self-represented litigants without CM/ECF privileges for filing a new civil case or for filing documents in existing cases. *See* https://www.paed.uscourts.gov/pro-se/pro-se-eds (last visited Nov. 15, 2026). The court's website specifies that the EDS system is provided for convenience and that the privilege of submitting a document through EDS may be revoked for noncompliance with the terms of use, or for abuse. *Id.*

In the week since she commenced this case, Taylor has abused the privilege of filing via EDS. She has filed eight repetitive motions to amend her Complaint, as well as twenty-three

[1] The following allegations are taken from the Complaint and documents attached to the Complaint. The Court adopts the sequential pagination supplied by the CM/ECF docketing system to the filings in this case.

other notices, exhibits, mediation offers, and the such. (*See* ECF Nos. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 38, 39, 40.)

The most recently filed Amended Complaint (ECF No. 37) is the operative pleading in this case. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading." (citations omitted)). It is rambling and largely incoherent. Taylor appears to allege that she contracted to work for Delta T Group beginning on or about August 31, 2026, at a rate of $23 per hour for thirty-five hours per week, and was informed on October 1, 2026, that the pay would be $20 per hour for thirty-five hours per week. (Am. Compl. at 1-2.) Taylor was told on November 5, 2026, that her assignment ended. (*Id.* at 3.) She contends that the pay rate change caused her mental anguish, "financially abus[ed]" her in violation of the "Trafficking Victims Protection Act (22 U.S.C. ss 7102)." (*Id.* at 2.) Taylor also takes issue with several problems she encountered during her contract with Delta T Group. For example, she contends that she was improperly accused of using her phone at various times while working at a school and she endured "miscommunication[s] on the regular." (*See id.* at 2-4.) Taylor also states that she informed certain individuals "of some needed work equipment for children that has eloping issues," she was told to "hold off the emails" and "the child would not elope and the child eloped on numerous occasions while [Taylor] worked with the student." (*Id.* at 2-3.)

As relief, Taylor requests damages, including for a missed business trip and lost work opportunities. (Am. Compl. at 4-5.) She also demands, *inter alia*, that "Delta T Group be required to staff Tara Patrick Taylor Incorporated/Infinite Psychological Services with Licensed

Psychiatrist, Licensed Psychologist, Licensed Nurse Practitioners, BCBAs, and Registered Behavior Technicians, Personal Care Assistants, Licensed Professional Counselors, Direct Support Professionals, Medical Billing Coders, and Secretaries." (*Id.* at 5.)

## II. STANDARD OF REVIEW

Because Taylor appears to be unable to pay the filing fee in this matter, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, *inter alia*, it is frivolous or fails to state a claim. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in a *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v.*

*Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

The Court construes the allegations of a *pro se* litigant liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant also "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245). Additionally, the Court must review the Complaint and dismiss the matter if it determines that subject matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3); *Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

## III. DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A plaintiff bringing a lawsuit in federal court has an obligation to show the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Cases that can be heard in federal court include cases based on federal law, known as federal question jurisdiction, *see* 28 U.S.C. § 1331, and cases in which the plaintiffs and defendants are citizens of different states and the amount in controversy is at least $75,000, known as diversity jurisdiction, *see* 28

U.S.C. § 1332(a). Even a liberal reading of Taylor's Amended Complaint fails to reveal any factual allegation that might support a plausible claim to relief under federal law.

Taylor seeks to present claims pursuant to the "Trafficking Victims Protections Act (22 U.S.C. ss 7102)." (Am. Compl. at 4.) There is a federal cause of action for victims of trafficking pursuant to the Trafficking Victims Protection Act of 2000. *See, e.g.*, 18 U.S.C. § 1595; 22 U.S.C. § 7102(11)-(12), (17). However, Taylor has not alleged facts, much less plausibly alleged facts, suggesting that Delta T Group subjected her to human trafficking. *See Brown v. City of Phila. Off. of Hum. Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) (affirming dismissal of claims seeking civil remedy for violations of the Trafficking Victims Protection Act where the plaintiff failed to allege any facts suggesting that the defendants subjected him to human trafficking, peonage, or the like (citing 18 U.S.C § 1581 *et seq.*) in connection with an electronic job application process).

Because the Court has dismissed Taylor's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims, to the extent Taylor seeks to present any. To the extent Taylor seeks to present a state law breach of contract claim, § 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which "means that, unless there is some other basis for jurisdiction, no plaintiff may be a citizen of the same state as any defendant." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa, LLC*, 652 F.3d 340, 344 (3d Cir. 2011). For

diversity purposes, a corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c).

It is the plaintiff's burden to establish diversity of citizenship. *Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *see also Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met). Taylor has not met this burden. She does not allege the citizenship of the parties, although she provides a Pennsylvania address for herself and the Defendant. Moreover, to the extent Taylor seeks monetary relief, the Complaint fails to satisfy the amount in controversy requirement. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 288-89)). The "temporal focus of the court's evaluation . . . is on the time that the complaint was filed." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (citations omitted; alteration in original). Liberally construing the Amended Complaint, Taylor states that Delta T Group paid her at a rate of $20 per hour, rather than $23 per hour, for 35 hours of work per week, for, at most ten weeks of work. (Am. Compl. at 2.) Assuming, *arguendo*, that Taylor alleges that she was underpaid for the period of August 31 through November 5, 2026, the alleged shortfall of amounts to approximately $1,050. Thus,

Taylor's alleged losses do not plausibly exceed the $75,000 threshold required to establish diversity jurisdiction.

Accordingly, Taylor has not sufficiently alleged diversity jurisdiction. All state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. Taylor may refile her state law claims in state court, where federal jurisdiction will not be an issue, if she chooses to do so.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Taylor leave to proceed *in forma pauperis* and dismiss the Complaint. No leave to amend will be given, as under the circumstances of this case, amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002). **Taylor is warned that if she continues to submit repetitive, nonsensical filings, the privilege of using EDS will be revoked in any case Taylor files with this court.**

An appropriate order follows dismissing this case, which shall be entered separately. *See* Fed. R. Civ. P. 58(a). amendment.

**BY THE COURT:**

**/s/ John Milton Younge**
**JOHN MILTON YOUNGE, J.**

[2] The Court expresses no opinion on the merit of any such claims.