**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TARA PATRICK TAYLOR,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-8495** |
| | : | |
| **DELTA T GROUP,** | : | |
| **Defendant.** | : | |

**ORDER**

AND NOW, this 16th day of November, 2026, upon consideration of Plaintiff Tara Patrick Taylor's *pro se* Motion to Proceed *In Forma Pauperis* (ECF No. 1), motions to amend the Complaint (ECF Nos. 9, 12, 16, 17, 18, 19, 23, 25), motion to seal (ECF No. 11), and Amended Complaint (ECF No. 37), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The motion to seal (ECF No. 11) this case is **DENIED**.[1]

[1] Taylor asks the Court to seal her case. (*See* ECF No. 11.) The common law presumes that the public has a right of access to judicial records. *See In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). "A 'judicial record' is a document that 'has been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" *Id.* (citation omitted). To overcome the strong presumption of access that attaches to judicial records, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect, and that disclosure will work a clearly defined and serious injury to the party seeking closure. *See id.* Vague and unsupported allegations are insufficient to justify sealing a case in whole or in part. *See id.* at 673 ("Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." (internal quotation marks and citation omitted)). "A party who seeks to seal an entire record faces an even heavier burden." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). Taylor bases her request on her desire to "protect sensitive information from the public." (ECF No. 11.) She has not met her burden of demonstrating that sealing this case is warranted.

4. For the reasons stated in the accompanying Memorandum, the Complaint is dismissed as follows:

a. All federal claims are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

b. All state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

5. The motions to amend the Complaint (ECF Nos. 9, 12, 16, 17, 18, 19, 23, 25) are **DENIED AS MOOT**.

6. **Taylor is warned that if she continues to submit repetitive, nonsensical filings, the privilege of using EDS will be revoked in any case Taylor files with this court.**

7. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**BY THE COURT:**

**/s/ John Milton Younge**

**JOHN MILTON YOUNGE, J.**